Filed 1/6/16  P. v. Daniels CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOHN R. DANIELS,<br><br>    Defendant and Appellant. | B261765<br><br>(Los Angeles County<br>Super. Ct. No. BA428332) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Robert Vanderet, Judge.  Affirmed with directions.

Maggie M. Shrout, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Paul M. Roadarmel, Jr., and Stephanie A. Miyoshi, Deputy Attorneys General, for Plaintiff and Respondent.

_____

A jury convicted defendant John R. Daniels of attempted second degree robbery and simple assault. On appeal, Daniels alleges that the trial court prejudicially erred by instructing the jury that a robbery continues until the perpetrator has reached a place of temporary safety. He also contends that his simple assault sentence should have been stayed pursuant to Penal Code section 654 because the assault was the means of effectuating the attempted robbery. We conclude that Daniels's sentence for assault should have been stayed. We otherwise affirm.

## FACTS AND PROCEEDINGS BELOW

On November 1, 2013, Jose Sanchez rode his bicycle to work at the Galleria Market in Los Angeles. He arrived at work at approximately 7:30 a.m., parked his bicycle in a bike rack in the parking lot, and secured it with a cable lock. A short time later, Gregorio Gonzalez, a security guard at the market who was sitting in his car in the parking lot, observed Daniels cut the bicycle lock and begin to ride away on Sanchez's bike. Gonzalez testified that he immediately exited his car and began chasing Daniels, yelling at Daniels to stop. Video evidence at trial, which depicted the parking lot on the morning of the robbery, showed Daniels leaving the parking lot with the stolen bike at 7:33:05, and Gonzalez chasing him out of the parking lot at 7:33:11—6 seconds later.

Gonzalez testified that, after chasing Daniels less than a block, he caught up with Daniels and grabbed the bicycle seat and the back of Daniels's jacket, again instructing Daniels to stop. Daniels then pulled out a knife and pointed it at Gonzalez. Gonzalez used the bicycle to knock the knife out of Daniels hand. When Gonzalez attempted to retrieve the knife from the ground, Daniels pulled out a bolt cutter, which he had used to cut the bike lock cable, and swung it at Gonzalez. Gonzalez lifted his left arm to block the strike, and the bolt cutter hit Gonzalez's arm, causing swelling and bruising. Gonzalez then grabbed the bike and began to return to the Galleria Market. Daniels started to follow Gonzalez until Gonzalez stated he was going to call the police. Daniels then fled. Gonzalez returned to the parking lot with the bicycle at 7:36 a.m., approximately three minutes after Daniels stole the bicycle.

2

At trial, Daniels admitted that he took the bicycle, but he testified that he was unaware that Gonzalez was chasing him, and never heard Gonzalez yell "stop." Instead, Daniels stated that he stopped riding the bicycle on his own accord, less than one block away from the Galleria Market, in order to adjust the seat, which was too low. Then, according to Daniels, Gonzalez suddenly came up behind Daniels, kicked Daniels in the back and grabbed Daniels's knife, which was in Daniels's waistband. Daniels testified that he hit Gonzalez with the bolt cutter to escape.

In a two count information, the state charged Daniels with (1) attempted second degree robbery in violation of Penal Code sections 211 and 664[1] and (2) assault with a deadly weapon in violation of section 245, subdivision (a)(1). In addition, the state alleged that Daniels had four prison priors pursuant to section 667.5, subdivision (b).

Daniels pled not guilty and denied the allegations. A jury convicted Daniels of attempted second degree robbery but acquitted him of assault with a deadly weapon, instead finding Daniels guilty of the lesser included offense of simple assault. Following the trial, Daniels admitted three prior convictions.

The trial court sentenced Daniels to the middle term of two years in state prison for attempted robbery, plus three years for the prior convictions, for a total of five years. For the assault, the trial court sentenced Daniels to one year in county jail to run concurrent to the previous term, to be served in any institution.

---

[1] All subsequent statutory references are to the Penal Code unless otherwise noted.

## DISCUSSION

Daniels contends on appeal that the trial court erred by instructing the jury, pursuant to CALCRIM No. 3261, that the crime of robbery or attempted robbery "continues until the perpetrator has actually reached a place of temporary safety." The instruction defines a "place of safety" as one where the perpetrator "successfully escaped from the scene, and is no longer being chased." According to Daniels, because it was undisputed that he used no force in the initial taking of the bicycle, the instruction's use of the word "continues" confused the jury, leading it to believe that the initial taking of the bike was a robbery before any force was used. Absent this instruction, Daniels contends, the jury could have found that his taking of the bicycle was theft, and any force he used thereafter was unconnected to the theft because he had reached a temporary place of safety. In short, for Daniels's argument to prevail, he must have reached a temporary place of safety.

There is, however, no evidence in the record that Daniels had, in fact, reached a temporary place of safety. The evidence demonstrates, to the contrary, that immediately after taking the bicycle, Daniels was actively pursued by Gonzalez. A robber has not reached a temporary place of safety while an immediate and active pursuit to recover the property is in progress. (*People v. Debose* (2014) 59 Cal.4th 177, 205.) Video evidence at trial, which depicted the parking lot on the morning of the robbery, showed Daniels leaving the parking lot with the stolen bike at 7:33:05, and Gonzalez chasing him out of the parking lot at 7:33:11—6 seconds later. Daniels also testified that his confrontation with Gonzalez occurred less than one block away from the store where he stole the bike, and that Daniels knew Gonzalez was pursuing him in order to recover the bike. Accordingly, the trial court's instruction, that a robbery continues until the perpetrator reaches a temporary place of safety, would not have confused the jury because Daniels never reached a temporary place of safety, and the instruction accurately delineated the time period when Daniels's use of force could be properly tied to the robbery.

Daniels also contends that section 654 requires a stay of the concurrent sentences for attempted second degree robbery and assault. Section 654 prohibits punishment for

4

two crimes arising from a single, indivisible course of conduct.  (*People v. Latimer* (1993) 5 Cal.4th 1203, 1208.)  If all of the crimes were merely incidental to, or were the means of accomplishing or facilitating one objective, a defendant may be punished only once.  (*Ibid*.)  Where section 654 precludes sentencing on a given count, the sentence may be imposed and stayed, but may not be concurrent.  (*People v. Pena* (1992) 7 Cal.App.4th 1294, 1312.)

Section 654 does not permit separate punishment for both a robbery and an assault that was the means of committing the robbery. (*People v. Logan* (1953) 41 Cal.2d 279, 290.)  Here, the assaultive conduct—brandishing the knife and hitting Gonzalez with the bolt cutter—was for the purpose of retaining control over the stolen bike.  Accordingly, Daniels cannot be separately punished for the attempted second degree robbery and the assault.  The sentence on the assault must be stayed.

## DISPOSITION

The trial court is directed to stay the sentence as to the assault conviction pursuant to section 654.  The judgment is otherwise affirmed.  The trial court is directed to prepare a new abstract of judgment and forward a copy to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED.


ROTHSCHILD, P. J.

We concur:



CHANEY, J.



LUI, J.


5